UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,             CASE NO.: 03-60125-CR-LENARD(s)

    Plaintiff,                       Magistrate Judge: KLEIN

v.

DAVID ABELLARD,

    Defendant
_____/

## DEFENDANT ABELLARD'S MOTION TO COMPEL DISCLOSURE OF FAVORABLE EVIDENCE AND OTHER RELEVANT DISCOVERY MATERIAL

Defendant, David Abellard, through undersigned counsel, files his motion to compel disclosure of favorable evidence and other relevant discovery material respectfully states the following:

1. As a result of late discovery provided by the government, trial in this matter was continued from the Court's March 21, 2005 calendar and reset for May 2, 2005.

2. Due to the volume of late discovery, the defense was not able to adequately prepare the case and be ready for trial on May 2, 2005. Upon motion by the defendant, the court granted a further continuance allowing the defendant sufficient time to review the voluminous discovery which had been provided by the government days before original March 21, 2005 trial date. Trial is now set to commence on July 11, 2005.

3. In anticipation of the March 21, 2005 trial date, defendant wrote the assigned AUSA on March 16, 2005 (attached hereto as Exhibit A), requesting certain discoverable materials, including tapes and transcripts of conversations between Andrew Hnatyszak

(the informant, utilized by the government in the present matter), and an informant, with whom Hnatyszak negotiated for the delivery of a quantity of M.D.M.A.[1] Upon his arrest, Hnatyszak began cooperating with the government and is the chief witness against the defendant in the present matter, having recorded numerous conversations with the defendant involving alleged negotiations for the purchase/delivery of quantities of M.D.M.A.

3.  As a result of the government's failure to respond to the March 16, 2005 letter requesting specific discoverable material, defendant made a second request in a June 10, 2005 letter (attached hereto as Exhibit B), to the assigned AUSA. In that letter, the defendant again requested the tapes and transcripts of conversations between Hnatyszak and an informant in the case, which led to Hnatyszak's arrest. In addition, the defendant requested all tapes and transcripts of conversations between Matthew Spector, an indicted co-conspirator in the present case and Hnatyszak, the government's informant, including any video tapes of the delivery of a quantity of M.D.M.A. from Spector to the the informant.[2] To date, the government has not responded to the defendant's request.

4.  The tapes and transcripts of conversations between Hnatyszak and an informant, where Hnatyszak negotiated for the delivery of a quantity of M.D.M.A. contains information favorable to the defense, including references by Hnatyszak as being the source of the M.D.M.A. At Hnatyszak's sentencing hearing, he denied being the source of the M.D.M.A. Instead, he contended he was "puffing" during his conversations with

---

[1] *United States v. Hnatyszak*, 01-6303-Cr-Lenard
[2] The government, in its late discovery provided on March 17, 2005, provided several tapes and transcripts of conversations between co-conspirator Matthew Spector and Hnatyszak. However, the defendant has not

the informant. For obvious reasons, this information is proper impeachment evidence that may be used during the defendant's cross-examination of Hnatyszak at trial in this matter. That said, the defendant is entitled to the tapes and transcripts of conversations between Hnatyszak and the informant in connection with the negotiation and ultimate delivery of a quantity of M.D.M.A.

4.  Likewise, the defendant is entitled to any tapes and transcripts of conversations between Matthew Spector, an indicted co-conspirator in the present case, and Hnatyszak. Inasmuch as the defendant is named along with Spector in the charged conspiracy as well as a substantive possession count related to the alleged delivery by Spector of a quantity of M.D.M.A. on October 3, 2003, the government should be compelled to provide any audio or videotapes of the alleged delivery, as well as any other tapes/transcripts of conversations between the informant (Hnatyszak) and Spector that have not already been provided.

5. Given the fact that the trial in this matter is fast approaching, the defendant needs the requested discovery material promptly in order to be prepared for trial in this matter.

WHEREFFORE, the premises considered, the defendant requests that the court grant his motion to compel disclosure of favorable evidence and other relevant discovery

---

received any tapes, either audio or video, of the alleged delivery of M.D.M.A on October 3, 2003, by Spector to Hnatyszak, the government's informant.

3

CASE NO.: 04-20816 CIV-LENARD

material and order production of said discovery be made forthwith.

                                Respectfully submitted,

                                DIAZ & KAISER LLP
                                2600 Bank of America Tower
                                100 S.E. 2nd Street
                                Miami, Florida 33131
                                Telephone:  (305) 375-9220
                                Telecopier: (305) 375-8050

By: _____
                                Allan B. Kaiser
                                Florida Bar No. 594628

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and sent via facsimile this 22nd day of June, 2005 to: Terrence Thompson, Assistant U.S. Attorney, 50 E. Broward Blvd., Ft. Lauderdale, FL  33394, and John B. Cleary, Esq., 200 Butler Street, Ste. 201, West Palm Beach, FL  33407.

By: _____
                                Allan B. Kaiser



ATTORNEYS & COUNSELORS

MICHAEL DIAZ, JR.
SCOTT FEUERMAN
ALLAN B. KAISER
ARTURO MARTINEZ
ALI I. YAKUB

OF COUNSEL:
GEORGE DIAZ
SOLOMON GROSS

March 16, 2005

**VIA FACISMILE**

Terrence J. Thompson, Esq.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL  33301

Re:   **United States v. David Abellard**
      **Case No. 03-60125-Cr-Lenard**

Dear Mr. Thompson:

  In my preparations for cross-examination of Andrew Hnatyszak, I have found evidence favorable to the defense under *Brady* that your predecessor colleague should have provided early on in discovery. That said, I suspect that there may be additional *Brady* material with which we have not yet been provided. I am requesting that you make available to us prior to trial, a copy of the tape and transcript of the consensually monitored meeting between Hnatyszak and the CW on July 10, 2001, as well as copies of tapes/transcripts of the various phone calls between Hnatyszak and the CW on November 15, 2001.

  I believe it is incumbent upon the government to review any statements Hnatyszak has made, including statements made at the time of his arrest and thereafter, as well as statements made during debriefings with government representatives to determine whether he has made inconsistent statements, including any information provided by Hnatyszak on a later occasion that was not originally offered when he had the opportunity to do so. Additionally, I believe I am entitled to information about Hnatyszak's previous involvement in narcotics activities, including the amount of illicit proceeds derived and the identity of any assets purchased with any illicit proceeds, if in fact, those subjects were discussed during the course of debriefings with any government representative. Finally, I am requesting any letters memorializing the terms of any use immunity in exchange for Hnatyszak's truthful information.

DEFENDANT'S EXHIBIT A

100 Southeast Second Street, 2600 Bank of America Tower • Miami, Florida 33131 • www.diaz-kaiser.com
305-375-9220 • fax 305-375-8050 • info@diaz-kaiser.com
Caracas, Venezuela  0412-310-4215

      To date, I have received a copy of Hnatyszak's plea agreement, criminal history and the various documents previously ordered sealed, relative to various extensions of time for sentencing and Rule 35 hearing, and surrender date. I believe that falls woefully short of the government's obligation to furnish favorable information to the defendant. I would also request similar disclosures for other witnesses you intend to call at trial.

      Finally, I am a bit concerned about other discovery issues, as Ms. Rosenthal had previously represented to me and my co-counsel, at different times, that she had a large amount of discovery material in her possession, which was to be provided. To date, neither I, nor my co-counsel has received that discovery material. Therefore, I am assuming, since we have not received any voluminous discovery, as promised, that we have been provided with all discoverable material that the government is obligated to disclose.

      Sincerely yours,

      Allan B. Kaiser

ABK/ng

100 Southeast Second Street, 2600 Bank of America Tower • Miami, Florida 33131 • www.diaz-kaiser.com
305-375-9220 • fax 305-375-8050 • info@diaz-kaiser.com
Caracas, Venezuela 0412-310-4215



**DIAZ**
**& KAISER, LLP**
INTERNATIONAL
ATTORNEYS & COUNSELORS

MICHAEL DIAZ, JR.
SCOTT FEUERMAN
ALLAN B. KAISER
ARTURO MARTINEZ
ALI I. YAKUB

OF COUNSEL:
GEORGE DIAZ
SOLOMON GROSS

June 10, 2005

**VIA FACSIMILE**

Terrence J. Thompson, Esq.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33301

Re:   **United States v. David Abellard**
      **Case No. 03-60125-Cr-Lenard**

Dear Mr. Thompson:

On March 6, 2005 I wrote you requesting, among other things, copies of tapes and transcripts of various phone conversations between Andrew Hnatyszak and the CW that took place on November 15, 2001, as part of the government's investigation into Hnatyszak's illegal distribution of MDMA, as well as the tape and transcript of the consensually monitored meeting between Hnatyszak and the CW on July 19, 2001. To date, I have not received a response. Please provide me with those tapes and transcripts forthwith.

Also, I am requesting copies of any tapes and transcripts of recorded conversations between Matthew Spector and Hnatyszak in addition to those you have already provided. For example, I have not received any audio or videotapes of the October 3, 2003 meeting between Spector and Hnatyszak where Spector delivered a quantity of MDMA. As the indictment alleges a conspiracy between my client, Kolay James and Spector, I am entitled to any taped conversations involving one of the alleged co-conspirators during the time frame of the charged conspiracy.

Finally, I am missing pages 25-31 from call #7 on tape NT-13. Please fax those pages to me.



DEFENDANT'S
EXHIBIT
"B"

100 Southeast Second Street, 2600 Bank of America Tower • Miami, Florida 33131 • www.diaz-kaiser.com
305-375-9220 • fax 305-375-8050 • info@diaz-kaiser.com
Caracas, Venezuela  0412-310-4215

Given the rapidly approaching trial date, time is of the essence in this matter. That said, please provide me the requested materials forthwith.

Your prompt attention to this matter is appreciated.

Sincerely yours,

Allan B. Kaiser

ABK/ng
cc: John Cleary, Esq.

100 Southeast Second Street, 2600 Bank of America Tower • Miami, Florida 33131 • www.diaz-kaiser.com
305-375-9220 • fax 305-375-8050 • info@diaz-kaiser.com
Caracas, Venezuela 0412-310-4215